UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:22-CR-00203 |
| | ) | |
| | ) | (BRANN, C.J.) |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| DONTE OUTLAND, | ) | |
| Defendant | ) | |

<u>MEMORANDUM OPINION</u>
(*FIRST MOTION FOR BAIL (Doc. 24)*)

I. INTRODUCTION

The United States Constitution states that: "Excessive bail shall not be required . . ." U.S. Const. amend. VIII. The right to bail under the Eighth Amendment is not absolute one, and Congress may restrict the category of cases in which bail will be allowed.

The Bail Reform Act of 1984 requires courts to detain prior to trial arrestees charged with certain serious felonies if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Act provides arrestees with several procedural rights at the detention hearing, including the right to request counsel, to testify, to present witnesses, to proffer evidence, and to cross-examine other witnesses. The Act also specifies the factors to be considered in making the detention decision, including the nature and seriousness of the charges, the

substantiality of the Government's evidence, the arrestee's background and characteristics, and the nature and seriousness of the danger posed by his release. Under the Act, a decision to detain must be supported by written findings of fact and a statement of reasons and is immediately reviewable.

In this case no hearing was held because the parties elected to proceed by proffer via the motion and the governments brief (Docs. 24 & 25). The matter is ripe for decision.

II. DISCUSSION

The Defendant is charged with four separate offenses including a violation of Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. §924) and Possession with Intent to Distribute a Controlled Substance (21 U.S.C. §841). With these charges the presumption of detention applies. 18 U.S.C. §3142(e)(3)(A)&(B).

The Government argues that no condition or combination of conditions will assure the presence of the defendant or the safety of any person or the community. The Defendant argues that he is not a flight risk, and that the safety of the community can be assured by the imposition of reasonable conditions.

I have considered the Pretrial Services Report[1] dated June 7, 2022, the facts proffered in the pleadings, and the arguments of counsel in their respective filings.

Based on this record I make the following specific findings of fact.

1.  The Defendant is 28 years old and has lived in Pennsylvania his entire life.

2.  The Defendant's mother lives in Lock Haven, PA and has volunteered to be a third-party custodian, allowing the defendant to live with her pending trial.

3.  The Defendant has an 11th grade education, is single and does not have any children.

4.  In the eleven years since he dropped out of high school the Defendant has never had any additional education or formal employment but has worked "under the table" at various jobs.

5.  The Defendant does not have a passport and has never travelled outside the United States.

6.  The Defendant has no assets and no liabilities.

7.  There is no evidence to suggest that the Defendant has a current or past mental health condition.

8.  The Defendant has used and abused controlled substances since age 16, including Marijuana, Xanax, Cocaine, and most recently Heroin on a near daily basis until his arrest.

---

[1] Copies were provided to Counsel for both parties before the bail hearing.

9.    The Defendant has an extensive criminal record including multiple convictions for drugs, a DUI and driving without a license, and two assault/recklessly endangering convictions.

10. On May 6, 2019, the Defendant pled guilty to Terroristic Threats, Simple Assault, Aggravated Assault, Strangulation, and Resisting Arrest following a February 2019 drunken attack on his mother.

11. In 2013 he had his bail revoked after failing a drug diversion program.

12. In 2017 and 2019 he had his probation revoked and was resentenced to additional terms of probation for a 2016 drug offense.

13. According to the Pretrial Risk Assessment Tool (PTRA), utilized by the Administrative Office of the U.S. Courts, the defendant is a Category 5, which indicates that he poses the highest risk of flight and danger to the community.

14. The Defendant was arrested on state charges on March 11, 2021 after a traffic stop, and has been in continuous custody unable to make bail since. He was indicted on this federal case on May 26, 2022.  He entered a plea of not guilty on June 9, 2022 and was ordered detained (Docs. 13, 14).

15. The evidence against the Defendant is strong.  During the traffic stop on March 11, 2021 the police recovered from his person a loaded 9mm Kimber handgun (with an obliterated serial number).  The gun was loaded with six rounds. He also

had 8 grams of cocaine in two separate packages; additional cocaine packaging baggies, five grams of marijuana, and $1,009 in cash on his person.

III. DECISION

The Defendant has not overcome the presumption of detention. Given his criminal history, lack of verifiable employment, substance abuse history, and noncompliance with previous supervision he presents a risk of nonappearance and a danger to the community.  The factors outlined in 18 U.S.C. §3142(g) have been considered before making this determination.

Having carefully considered the alternatives presented in 18 U.S.C. §3142(c) I find that there are no conditions or combination of conditions short of confinement that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

An appropriate order will follow.


Date:  November 1, 2022                                    BY THE COURT

                                                                        *s/William I. Arbuckle*
                                                                        William I. Arbuckle
                                                                        U.S. Magistrate Judge